**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JINLIANG LIU (A No. 249-252-067),<br><br>                    Petitioner,<br><br>v.<br><br>WARDEN OF CENTRAL VALLEY<br>ANNEX, et al.,<br><br>                    Respondents. | Case No. 1:26-cv-04635-JLT-HBK<br><br>ORDER WITHDRAWING REFERENCE TO<br>THE ASSIGNED MAGISTRATE JUDGE;<br>GRANTING PETITION FOR WRIT OF<br>HABEAS CORPUS; AND ORDERING<br>PETITIONER'S IMMEDIATE RELEASE<br><br>(Doc. 1) |

Jinliang Liu is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of China who entered the United States on or around July 12, 2023, where he was encountered by U.S. Customs and Border Protection. (*See* Doc. 1-2 at 2; Doc. 6-1 at 2.) The Department of Homeland Security initially processed the Petitioner for expedited removal but later placed him in standard removal proceedings after expressing credible fear. (*See* Doc. 6-1 at 2.) DHS detained the Petitioner for about twenty days and then on August 2, 2023,

released the Petitioner on parole and issued a Notice to Appear charging him as removable under the INA §§ 212(a)(6)(A)(i), (a)(7)(A)(i)(I). (Doc. 1-2 at 2; Doc. 6-2 at 1.) Petitioner subsequently filed an application for asylum in April 2024, which remains pending. (Doc. 1-2 at 3; Doc. 6-1 at 2.) Petitioner is not currently subject to a final order of removal.[1] (*See id*.) Petitioner further obtained a work permit and social security number which allowed him to work as a Walmart delivery driver. (Doc. 1-2 at 3.)

Petitioner indicates that he has no criminal history, (Doc. 1-2 at 3), and the government does not present argument or evidence to the contrary. (*See* Doc. 6 at 2–3; Doc. 6-1 at 3.) On June 2, 2026, Petitioner was stopped by local police for a traffic violation (e.g., "obstructed view") and was subsequently transferred into ICE custody. (Doc. 6-1 at 2; Doc. 6-3 at 1.) Petitioner was then transported to Central Valley Annex Detention Facility where he remains. (Doc. 1-2 at 3.) On June 15, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) On July 2, 2026, Respondents filed a response to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 6.)

## II.     LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.     DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing

---

[1] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that Petitioner's case remains pending and there is no order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 6, 2026).

before a neutral decisionmaker violated her rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 7–15.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) of the INA and therefore categorically ineligible for a bond hearing. (*See* Doc. 6 at 2–3.) Courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

## IV.  CONCLUSION AND ORDER

1.  The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2.  Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[2];

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing

3.      The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

5.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    July 6, 2026

_____
UNITED STATES DISTRICT JUDGE

consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

4